UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-01086-JVS(JDEx) | Date | August 5, 2019 |
| Title | Hovik Nazaryan v. FemtoMetrix, Inc., et al. | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:  [IN CHAMBERS] Order Regarding Motion for Remand**

**The Court, having been informed by the parties in this action that they submit on the Court's tentative ruling previously issued, hereby rules in accordance with the tentative ruling as follows:**

Plaintiff Hovik Nazaryan ("Plaintiff") filed a motion to remand.  (Mot., Dkt. No. 7.)  Defendants FemtoMetrix, Inc., Alon Raphael, Brian Larzelere, John Changala, Tyler Rubin, and Tom Rolfes (together—"Defendants") opposed the motion.[1]  (Opp'n, Dkt. No. 8.)  Plaintiff filed a reply.  (Reply, Dkt. No. 9.)

For the following reasons, the Court **grants** the motion to remand.

**I. BACKGROUND**

On June 24, 2015, Plaintiff sued Defendants in Orange County Superior Court for shares that he alleges that he was owed.  (Derbarseghian Decl., Dkt. No. 7-1 ¶ 2.)  The parties ultimately negotiated a Settlement Agreement, which provided that any claims arising from the agreement to provide Plaintiff with shares of stock as capital contributions.  (Settlement Agreement, Dkt. No. 7-1, Ex. A, Ex. A at C.)  The Settlement Agreement also contains a clause stating the following:

---

[1] Defendants also filed objections to Plaintiff's evidence.  (Obj., Dkt. No. 8-2.)  The Court does not rely on any of the objected-to material in its decision on this motion to remand and therefore need not rule on these objections at this time.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-01086-JVS(JDEx) | Date | August 5, 2019 |
| Title | Hovik Nazaryan v. FemtoMetrix, Inc., et al. | | |

> <u>Venue.</u> <u>Any</u> <u>proceeding</u> initiated by any Party seeking to enforce this Settlement Agreement, or, otherwise arising from this Settlement Agreement, <u>shall</u> be venued in the <u>Superior</u> <u>Court</u> of California, County of Orange.

(<u>Id.</u> at Q) (emphasis added).

On March 13, 2018, Plaintiff filed a complaint for breach of contract (among other claims) alleging that Defendants breached the Settlement Agreement. (SAC, Dkt. No. 7-1, Ex. A ¶ 3.) On June 3, 2019, Defendants removed the action to this Court. (Removal, Dkt. No. 1.)

## II. Legal Standard

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court to federal court so long as original jurisdiction would lie in the court to which the action is removed. <u>City</u> <u>of</u> <u>Chicago</u> <u>v.</u> <u>Int'l</u> <u>Coll.</u> <u>of</u> <u>Surgeons</u>, 522 U.S. 156, 163 (1997). According to the Ninth Circuit, courts should "strictly construe the removal statute against removal jurisdiction." <u>Gaus</u> <u>v.</u> <u>Miles,</u> <u>Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992). Doubts as to removability should be resolved in favor of remanding the case to the state court. <u>Id.</u> This "'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." <u>Id.</u> (quoting <u>Nishimoto</u> <u>v.</u> <u>Federman-Bachrach</u> <u>&</u> <u>Assocs.</u>, 903 F.2d 709, 712 n.3 (9th Cir. 1990)).

## III. Discussion

### A. Remand

Plaintiff argues that remand is required because the Settlement Agreement contains an enforceable, mandatory forum-selection clause selecting California Superior Court in the County of Orange as the proper forum for suits arising from the agreement. (Mot., Dkt. No. 7 at 8.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV 19-01086-JVS(JDEx)      Date    August 5, 2019

Title      Hovik Nazaryan v. FemtoMetrix, Inc., et al.

Defendants instead characterize the clause as a venue-selection clause that is void under California law. See Gen. Acceptance Corp. of Cal. v. Robinson, 207 Cal. 285, 289, 277 P. 1039 (1929).

Although, the clause at issue falls under a section titled "venue," it involves the selection of a particular forum. Both parties cite Alexander v. Superior Court, 114 Cal. App. 4th 723 (2003), which states:

> We begin by observing that this case involves a venue selection clause, not a forum selection clause. The cases sometimes do not distinguish between the two types of clauses, perhaps because they both relate in some way to the geographical location in which trial will be held. But the terms have different meanings. Forum means "[a] court or other judicial body; a place of jurisdiction." (Black's Law Dict. (7th ed.1999) p. 664, col. 2.) Venue is "[t]he county or other territory" in which a case may be heard, i.e., the place from which the jury will be selected. (Black's Law Dict., supra, p. 1553, col. 2; and see Milliken v. Gray (1969) 276 Cal.App.2d 595, 600, 81 Cal.Rptr. 525.) Under state law, therefore, a venue selection clause is purely an intrastate issue involving the selection of a county in which to hold the trial. By contrast, a forum selection clause usually chooses a court from among different states or nations. (See e.g., The Bremen v. Zapata Off–Shore Co. (1972) 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (Bremen).) The following discussion incorporates this distinction. Although Brix does not differentiate between the terms, as we shall explain, the difference is the crucial consideration.

Id. at 726–27. The cases that Defendants cite in support of its opposition clearly contain *venue* clauses, but do not specify the *forum* selected by the parties, as does the clause here. See id. at 112 (referring to a clause that "stipulates to venue in Santa Clara County, California"); Arntz Builders v. Superior Court, 122 Cal. App. 4th 1195, 1198 (2004) (containing a clause stating that "any action arising out of the contract would be brought in Contra Costa County");

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.  SACV 19-01086-JVS(JDEx)                    Date  August 5, 2019

Title  Hovik Nazaryan v. FemtoMetrix, Inc., et al.

Because the Court finds that the parties agreed to a mandatory forum-selection clause providing that the parties "shall" litigate disputes relating to the Settlement Agreement in the Superior Court of California, the Court finds that remand is required. See Nat'l Equip. Rental, Ltd. v. Szukhent, 375 U.S. 311, 315–16 (1964) ("[I]t is settled . . . that parties to a contract may agree in advance to submit to the jurisdiction of a given court."); Berg v. MTC Elecs. Techs., 61 Cal. App. 4th 349, 358 (1998) ("[I]f there is a mandatory forum selection clause, the test is simply whether application of the clause is unfair or unreasonable, and the clause is usually given effect.").

**B.  Attorneys' Fees**

"[T]he standard for awarding fees should turn on the reasonableness of the removal.  Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

Defendants argue that "§ 1447(c) does not apply to a motion to remand based on a forum selection clause specifying state rather than federal court as the appropriate forum" such that the Court cannot award attorneys' fees for this motion.  Kamm v. ITEX Corp., 568 F.3d 752, 757 (9th Cir. 2009).

Plaintiff requests $7,350.00 in attorneys' fees and costs, but did not respond to Defendant's argument that such fees are unavailable for remand based on a forum-selection clause.  (Mot., Dkt. No. 7 at 16.)  The Court declines to award fees and costs.

### IV.  CONCLUSION

For the foregoing reasons, the Court **grants** Plaintiffs' motion for remand and **denies** Plaintiffs' request for attorneys' fees and costs.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 19-01086-JVS(JDEx)  Date  August 5, 2019

Title  Hovik Nazaryan v. FemtoMetrix, Inc., et al.

                         :  0

**Initials of Preparer**  lmb